JOHN T. PORTER *v.* FELIX D. ATHERTON AND F. S. SPRING.

CONSTRUCTION OF CONTRACT FOR PARTITION OF LAND.—A contract between A. and B., tenants in common in a tract of land, by which it is agreed that B.'s interest in the land shall be a certain amount in excess of what he otherwise owned, and that B. shall extinguish all claim of title in the land set up by C. by procuring C.'s deed, (C. then asserting an interest in the land claimed by A.,) and that after certain other events transpire a division of the land shall take place between the contracting parties, according to the contract, and deeds be exchanged, is not fulfilled by B. by having procured C.'s deed *before* the contract was made, nor by procuring C.'s deed to himself, unless he then conveys to A.

IDEM.—The fact that C. had no valid title to any of the land does not excuse B. from procuring a conveyance from him to A. after the contract was made, before B. can go into equity to enforce a specific performance.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment in the Court below, and the defendants appealed from the judgment and from an order denying a new trial. The plaintiff also appealed from a part of the judgment.

The other facts are stated in the opinion of the Court.

*J. S. Blatchley*, for Defendants and Appellants.

If A. contracts with B. to extinguish the claim of C. by

procuring a deed from him, two conditions are involved: 1. That *at the date of the contract* C. is making a claim. 2. That by a future action of A. that claim is to be extinguished. The claim existing at the date of the contract cannot have been previously extinguished by any past action of A.'s, because the contract pre-supposes the existence of the claim. If it has already been extinguished, the very subject matter of the contract is gone. There is no claim on which to base a contract for its extinguishment. If there is a claim existing at the date of the contract, no past action of A.'s has extinguished it; consequently, the claim which Leese and wife were making in December, 1861, could not have been extinguished by the deed dated August 1st, 1860; the contract itself pre-supposes the existence of the claim, notwithstanding that deed. That deed cannot be considered an extinguishment of the claim. (*Strickland* v. *Turner*, 7 Exch. 208; Fry Spec. P. 355–6; *Bryant* v. *Busk*, 4 Russell, 1.) The delay in obtaining a deed from Rosalie Leese has been such, and the position of the parties has so changed in the meanwhile, that (even if a new deed should be tendered) it would now be inequitable to enforce a specific performance. The plaintiff should be left to his action for damages. (*Green* v. *Covillaud*, 10 Cal. 317; *Weber* v. *Marshall*, 19 Cal. 447, 459; *Brazier* v. *Gratz*, 4 Wheat. 528; *Pratt* v. *Carrol*, 8 Cranch, 471; *Perkins* v. *Wright*, 3 Har. & McHen. 326.)

*B. S. Brooks*, for Plaintiff and Respondent.

The defendants have abandoned some of the grounds they argued in the Court below. Their first point is, that the deed of Leese and wife to M. G. Vallejo, dated August 1st, 1860, did not satisfy a contract made December, 1861, " to extinguish the claim of Leese and wife, by procuring from those parties deeds of grant, bargain, and sale to the rancho." The covenant applied to Rudolph Steinbach also. It was admitted that Vallejo obtained a deed from Steinbach. The language was evidently copied or left unchanged from the former con-

tract. Perhaps, in strict construction, the defendants are right. But the substance of the agreement was that he should acquire their interest. What matters it whether he had already acquired it or acquired it afterward? Equity looks at the substance, not at the form. The difference in mode works no damage to the defendants. The second point is: "The delay in obtaining a deed from Rosalie Leese has been such, and the position of the parties has so changed in the meanwhile, that (even if a new deed should be tendered) it would now be inequitable to enforce a specific performance. The plaintiff should be left to his action for damages." I am not able to perceive how the defendants are damaged by any delay in procuring the deed of Mrs. Leese, since they have, without any effort or expense on their part, acquired her interest; nor how they can complain of delay, when we had already obtained the deed when we made the contract. Nor do I perceive that the condition of affairs is at all changed in consequence. The partition suit was necessary to set off the interests of the other heirs. The Court finds, what is indeed manifest, that *that* was a necessary preliminary, and no change has taken place except what is effected by that proceeding.

By the Court, SANDERSON, J.:

This is an action to compel the specific performance of a contract in relation to the partition of the Rancho Bolsa de San Cayetano, in Monterey County. The contract was between Mariano G. Vallejo and José Jesus Vallejo, two brothers who, with nine other children, inherited the rancho from their father, Ignacio Vallejo, who died in 1835.

The plaintiff sues as the successor of the former, and the defendants are sued as the successors of the latter with notice of the plaintiff's equity. The contract bears date December 15th, 1861.

In order to understand the main question it is necessary to state somewhat in detail the leading facts of the case. The labor, however, will mainly accomplish a double purpose, for

when we have stated the case, it will also appear that we have substantially decided it.

The eleven children on the death of their father took the rancho by descent as tenants in common, each taking an undivided eleventh part. In 1854 Juan Antonio, one of the children, purchased the interest of his sister Rosalie, then the wife of Jacob P. Leese, and took a deed therefor, which was recorded, but was so defectively acknowledged as to pass no title.

In 1860 José Jesus being desirous of purchasing, so far as he could, the shares of his co-heirs, for that purpose borrowed from the defendants the sum of forty thousand dollars, and to secure its repayment gave a mortgage upon his interest and such other interest as he might thereafter acquire. He afterwards purchased the interest of his brother Juan Antonio, including that of his sister Rosalie. Juan Antonio died before the deed was made, but José Jesus afterwards acquired his entire interest. After his purchase José Jesus discovered the defects in Rosalie's deed to Juan Antonio, and on the 1st day of August, 1860, initiated proceedings to remedy the same under the provisions of the Act of the 13th of April, 1860, " concerning certain acknowledgments of deeds and other instruments affecting real estate." (Statutes 1860, p. 179.) That Act authorizes the amendment of defective acknowledgments by the means and in the mode therein designated. The amendment of the acknowledgment was accomplished on the 15th of August, 1860, and the deed was again recorded on that day.

The plaintiff's grantor, Mariano G. Vallejo, seems to have discovered the flaw in José Jesus' title to the interest of Rosalie about the same time. At all events, on the 1st day of August, 1860, the same day on which José Jesus commenced proceedings to weld the flaw in his title, Mariano, accompanied by counsel, appeared at the residence of Rosalie and obtained from her and her husband a deed, with no flaws in the acknowledgment, for which he gave her in return a promise that he would, when the rancho was partitioned, con-

vey back one hundred acres, being less than one eighth of her interest. This deed was immediately deposited by the attorney of Mariano in the Recorder's office for record; but it was afterward lost, and was never recorded.

After these transactions Rosalie continued to assert a claim to a share in the rancho, and one Steinbach also seems to have had some claim, but what it was the record fails to show.

At this stage of the proceedings, and in view of these conditions, the contract in question was made. The following is a copy:

"Memorandum of agreement between M. G. Vallejo, of the one part, and José de Jesus Vallejo, of the other part:

"Witnesseth that for the purpose of this agreement it is stipulated and agreed that the interest of M. G. Vallejo in the Rancho San Cayetano, situated in the County of Monterey, shall be equal to eleven hundred acres of land, of average value, relatively, to the whole rancho.

"M. G. Vallejo agrees to extinguish all claims of title or interest in the said rancho set up by Jacob P. Leese and wife, and also by Rudolph Steinbach, by procuring from these parties a deed of grant, bargain and sale, to said rancho.

"When the survey of said rancho shall have been confirmed, and the adverse claim of a part of said rancho known as the 'Pico Claim' shall have been finally adjudicated, and when said José de Jesus shall have acquired title to the interest in said rancho, now in the estate of Juan Antonio Vallejo, deceased, then a subdivision of said rancho shall take place and a valuation be placed upon each subdivision thereof; after which, said M. G. Vallejo shall first select a quantity of land equal to one half of his interest, and then J. J. Vallejo shall select a quantity equal in value to four times that selected by M. G. Vallejo; and then M. G. Vallejo shall select a quantity equal to the balance of his interest, and the remainder shall belong to the said José de Jesus. The parties shall then exchange deeds according to said partition and division. If the aforesaid 'Pico Claim' shall be adjudged finally favorably

thereto, and adverse to the Vallejo claim to said rancho, then the interest of said M. G. Vallejo shall be reduced from eleven hundred acres in the same ratio that the 'Pico Claim' takes away from the whole property—that is to say, if the Pico title is adjudged to be good to one half of the rancho, then M. G. Vallejo's interest would be but five hundred and fifty acres.

"In testimony," etc., dated December 15th, 1861.

In duplicate signed:

JOSE DE JESUS VALLEJO,        [SEAL.]
By W. W. STOW, his Attorney in fact.
M. G. VALLEJO.        [SEAL.]

On the 28th of November, 1863, José Jesus conveyed his entire interest to the defendants, with the understanding, however, that the mortgage should not be merged in the deed, and that any surplus remaining should inure to his benefit. This deed was intended in part as a further assurance, but was mainly given to facilitate a partition by suit, attempts to partition by contract having failed; and was taken by the defendants with notice of the contract of the 15th of December, 1861.

Suit for partition was afterwards instituted by the defendant as the successor of José Jesus, which went to a final judgment, by which was set apart to Mariano his interest as heir only, and to the defendants the entire interest of José Jesus including the share of Rosalie, who was not, however, a party to the action. The judgment concluded with this clause: "Saving to the said defendant, Mariano G. Vallejo, or to his successors in interest, any equitable right which he may have, if any, as against José Jesus Vallejo, or his successor in interest, under or by virtue of a certain agreement made between the said José Jesus Vallejo and Mariano G. Vallejo, on the 15th of December, 1861. * * * But this saving is not in any way to affect the decree as to any other party thereto, or to affect in any way the legal title to any parcel as therein the same is declared between the respective parties."

Pending this action for partition, Mariano conveyed his

interest in the rancho and assigned his interest in the contract of the 15th of December, 1861, to the plaintiff. After his purchase the plaintiff demanded a deed from Rosalie and her husband, who refused to give it. He then brought an action to compel them to convey, which is still pending. After partition had been made, as aforesaid, the plaintiff, claiming that the contract had been fully performed on his part by Mariano, and adopting and using the map, subdivisions and valuations which had been made for the purposes of said partition, selected five hundred and fifty acres, being one-half of his interest, as settled by said contract, and called upon the defendants to make their selections under the contract, and thereby enable him to complete the selection of his eleven hundred acres. The defendants refused. Hence this action.

At the trial the defendants admitted that the contract had been performed on the part of the plaintiff, except as to the extinguishment of the Pico claim and the claim of Leese and wife, as to which they denied performance. There was testimony tending to show that the contract had been performed as to the Pico claim, and the Court so found, to which the defendants took and now take no exception.

On the question of performance the Court made two findings, as follows:

" 8. That the said Mariano G. Vallejo, prior to the conveyance to plaintiff, did extinguish all claims of title or interest in the said rancho set up by Jacob P. Leese and wife, and also by Rudolph Steinbach, by procuring from the parties deeds of grant, bargain and sale to himself of said rancho. The deed from Leese and wife was made August 1, 1860, was of all their right, title and interest, was duly acknowledged by both, but was not recorded, and is lost."

" 17. That said Mariano G. Vallejo, as well as the said plaintiff, have fully and faithfully kept, fulfilled and performed everything in the said agreement contained on the part and behalf of the said Mariano G. Vallejo or the plaintiff, to be

kept, fulfilled or performed, but the said defendants wholly neglect and refuse to perform and fulfil the same on their part."

To these findings, so far as they relate to a performance of the contract as to the claim of Leese and wife, the defendants excepted, claiming that the deed from Leese and wife to Mariano, of the 1st of August, 1860, more than a year prior to the date of the contract sought to be enforced, was not the deed for which they contracted, and that no other deed having been made since the contract, there had been no performance in that respect. This is the point of the defendants' appeal.

The plaintiff complains of the mode of performance which was decreed by the Court, claiming that it is not in accordance with the terms of the contract; but we shall have no occasion to look into the plaintiff's appeal, and therefore pass it without further notice.

The acts to be performed by Mariano Vallejo under the contract were " to extinguish all claims of title or interest in the said rancho set up by Jacob P. Leese and wife, and also by Rudolph Steinbach, by procuring from these parties a deed of grant, bargain and sale to said rancho." We think that the case made by the plaintiff fails to show that either of these acts had been performed prior to the commencement of this action, and that this is obvious from the dry statement of the facts which we have already made. The acts to be done, and how they are to be done, are stated with precision in the contract, and nothing short of deeds of grant, bargain and sale of the rancho thereafter legally made and executed by Steinbach and by Leese and wife to José Jesus, procured and tendered to him or his grantees by Mariano or his assignee, the plaintiff, could amount to performance. Deeds from these parties to Mariano or the plaintiff, had they both been obtained, would not have satisfied the contract. A further deed from Mariano or the plaintiff, made and tendered, would have been necessary. A deed from Steinbach to Mariano was obtained, but no deed

was made or tendered by the latter or the plaintiff to José Jesus or his successors, the defendants.

It does not matter whether Leese and wife or Steinbach had any valid claim to the rancho or not. The bare making of the contract assumes that they had a claim of some sort. But admit that they had not, it is clear that José Jesus, for some cause not difficult to conjecture, looked upon them as the enemies of his title, and he desired to quiet that title as against them. To do this was the undertaking of Mariano, for which he was to get two hundred and eighty-four and forty-three one hundredths acres of land, which is the difference between the amount to which he was entitled as heir and the eleven hundred acres specified in the contract. This he did not do, and did not therefore swell his interest in the rancho as against José Jesus from eight hundred and fifteen and fifty-seven one hundredths acres, the amount which he took as heir, to eleven hundred acres which he claims under the contract.

If true, it is no answer to say that by force of the partition suit or the Statute of Limitations, the title of José Jesus is now made secure as against these claims, and that Mariano contributed to that end, and therefore ought to have his reward, which seems to be the substance of the theory on the part of the plaintiff. To say that the deed of the 1st of August, 1860, from Leese and wife to Mariano, which was lost and never recorded, made more than a year prior to the contract, of which so far as this record shows, José Jesus was entirely ignorant at the time the contract was made, was the deed intended by the parties, is simply absurd, and nothing further need be said in regard to it. If José Jesus knew anything about the deed, and was moved in any respect by a desire to get any supposed title thereby vested in Mariano, he would have contracted for a deed from him directly. That a deed thereafter to be obtained was the deed for which José Jesus contracted, as understood by Mariano himself, is also shown by the subsequent demand and suit therefor by his successor, the plaintiff in this action.

The judgment and order denying a new trial are reversed, and the Court below is advised to dismiss the action.

SHAFTER, J., concurring specially:

The contract set out in the complaint does not in my opinion make the right of M. G. Vallejo to a specific performance depend upon a prior extinguishment by him of the Leese and Steinbach claims in favor of his brother. The contract, as I understand it, presents a case—at least so far as deed making is concerned—of mutual promises, one promise constituting the consideration of the other, and both are to be performed at the same time. After the happening of certain events particularly noted in the contract, the parties are " to exchange deeds." This expression excludes the idea that either party is to give or tender a deed in advance of the other, and shows that the execution of the conveyances was intended to be simultaneous. To maintain an action for specific performance, it was necessary for the plaintiff to aver that he was ready and willing, and offered to perform on his part; but that fact is neither averred nor proved.

I concur in the judgment.